### A. M. PRICE AND OTHERS *v.* THE STATE.

BAIL-BOND.— It is essential to the validity of a bail-bond that it be signed or executed by the principal himself or in his name by some one authorized by him. The facts that his attorney wrote out the bond, setting forth in the body of it his (the principal's) name, and procured sureties to sign and execute it, do not constitute a valid execution of the bond by the principal, notwithstanding he obtained his liberty by virtue of it.

APPEAL from the District Court of Eastland. Tried below before the Hon. T. B. WHEELER.

The appellants were the sureties of one Marion Tanzy, who had been confined in the jail of Eastland county under an indictment for horse-theft, and who obtained his release therefrom by means of the bail-bond involved in this case. Tanzy's name or signature does not appear to the bond, though in the body of the instrument he is repeatedly named as the principal. The signatures of the several appellants appear to the instrument itself, and also to their joint affidavit of their sufficiency.

When the instrument was offered in evidence by the State the defense objected to it because it had not been signed or executed by Tanzy. The court, however, in view of the recitals in the bond, permitted the State's attorney to introduce evidence on the subject, and then, in view of the evidence, overruled the objection of the defense and admitted the instrument as evidence in the cause. The defense excepted to the ruling, and bring up in the bill of exceptions the evidence relating to the instrument as well as the instrument itself.

T. H. Conner, for the State, testified that he, as attorney for Tanzy, requested the sheriff of the county to prepare the form of a bail-bond for Tanzy, and thereupon was himself requested by the sheriff to prepare the bond. Witness then drew up the bond in question, and procured the signatures of some of the sureties to it. Where the words "Marion Tanzy as principal" appear in the bond, they were inserted and written by witness in drafting the instrument. When witness drew the instrument he had no authority to sign Tanzy's name to any instrument whatever, unless authority to sign this instrument was deduced from his relation as attorney for Tanzy in the theft case against him. Nor, when the instrument was prepared by witness, did he. have the definite idea that he was thereby executing it for Tanzy, who was in jail at the time, and who, so far as witness knew, never saw the bond. Witness left the bond with the sheriff to procure other sureties, and had no remembrance of. seeing it again until after the judgment *nisi* was rendered in the present cause, nor until after the service of the citations in the present cause did he know that Tanzy had never signed the bond, and then he learned that fact from the clerk of the court and an inspection of the instrument itself.

H. S. Schmick, for the State, testified that at the date of the bond in question he was sheriff of the county and

Marion Tanzy was in jail. The bond was drawn up by Tanzy's attorney, Mr. Conner, who also procured the signatures to it of several of the sureties. The bond was left in witness's office, and other sureties appeared and signed it until the required securityship was obtained, and then Tanzy was discharged. The omission of requiring Tanzy to sign the bond must have been witness's oversight. Tanzy knew of the making of the bond; he often inquired about it, and obtained his release from jail by virtue of it.

*Conner & Luce,* for the appellants, assailed the validity of the bond, and cited Code Crim. Proc. arts. 284, 288 and 453; *Loving* v. *State,* 9 Texas Ct. App. 471; *Smith* v. *State,* 7 Texas Ct. App. 160; *Hedrick* v. *State,* 3 Texas Ct. App. 570; *Cowan* v. *State,* 3 Texas Ct. App. 381; *Tierney* v. *State,* 31 Texas, 41; Parsons on Contracts, 40; Addison on Contracts, 613 *et seq.*

*H. Chilton,* Assistant Attorney General, for the State, cited *Fulshear* v. *Randon,* 18 Texas, 277; *Prince* v. *Thompson,* 21 Texas, 480; *Willis* v. *Lewis,* 28 Texas, 185.

HURT, J. On the 5th day of October, A. D. 1880, judgment *nisi* was rendered against appellants. At the following term the parties answered, among other things, that the principal had never signed the bond upon which the forfeiture was rendered. This answer we find by the record to be true. It is urged by the assistant attorney general that, as the attorney of the principal prepared the bond, and as the principal's name is contained in the body of the bond, these facts constitute a signing by the principal. To this we cannot agree. The Code of Crim. Procedure, art. 288, requires that the bond be signed by the principal and sureties; or, in case all or either of them cannot write, then that they affix thereto their marks."

In *Fulshear* v. *Randon*, 18 Texas, 277, Judge Wheeler says: "In order to bind a party to a written contract or agreement, it is not necessary that his signature should appear at the end of it. If he writes his name in any part of the agreement it may be taken as his signature, provided it was there written for the purpose of giving authenticity to the instrument, and thus operating as a signature."

In the case in hand the principal did not write his name in any part of the bond, nor does the evidence show that he authorized any person to write it in or sign it to the bond, for the purpose of giving authenticity to the bond. The court therefore erred in making the judgment *nisi* final, the bond being absolutely void. It is unnecessary to discuss the other points raised in the brief of appellant.

The judgment is reversed and the cause ordered to be dismissed.

*Reversed and dismissed.*